IN THE UNITED STATES DISTRICT COURT
FOR THE WESERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **DANIEL NORBERT HALTER,** | ) | |
| | ) | |
| Plaintiff, | ) | Civil Acton No. 7:20cv00193 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| **OFFICER DAVID HANLON,** *et al.,* | ) | By:   Hon. Thomas T. Cullen |
| | ) |        United States District Judge |
| Defendants. | ) | |

Plaintiff Daniel Norbert Halter, a Virginia pretrial detainee proceeding *pro se*, filed this civil action under 42 U.S.C. § 1983, against Harrisonburg Police Officer David Hanlon and the City of Harrisonburg (collectively, "Defendants"), and seeks leave to proceed *in forma pauperis*. He has raised four claims: (1) excessive force, (2) retaliation, (3) malicious prosecution, and (4) violation of his right to a speedy trial. He has since filed a request for permission to amend his complaint by adding additional defendants. Both Officer Hanlon and the City of Harrisonburg have since filed motions to dismiss under Federal Rule of Civil Procedure Rule 12(b)(6) for failure to state claim. Having reviewed Halter's application and complaint, his request for permission to amend his complaint, and Defendants' motions to dismiss, the court will grant Defendants' motions to dismiss and dismiss his complaint without prejudice for failure to state a claim.

I.

Halter alleges that on July 10, 2019, he was on his property in Harrisonburg, Virginia, while Officer Hanlon was waiting for backup during pursuit of a suspect who ran into a nearby dwelling. (Compl. ¶ 1 at 2 [ECF No. 1].) Halter asked Officer Hanlon what was going on, and

Hanlon directed him to go into his house. (*Id.* at 2–3.) Halter complied but alleges that Officer Hanlon subsequently ordered him to come back outside, where he promptly placed Halter under arrest. (*Id.* at 3.) Halter alleges that Officer Hanlon "improperly handcuff[ed] [his] wrist[]" and placed him in the squad car for 30 minutes. (*Id.*) He further alleges that Officer Hanlon's conduct resulted in "significant long term [nerve] damage to his wrists." (*Id.* at 2.) Halter contends this conduct constituted excessive force.

Halter subsequently filed a formal complaint with the Harrisonburg Police Department regarding Officer Hanlon's actions. (ECF No. 1, ¶ 2 at 3.) Halter was later arrested on a "charge of distribution," and alleges that the charges were "trumped up" as malicious prosecution and retaliation for his complaint against Officer Hanlon. (*Id.*) He alleges that, as of March 18, 2020, he had been in jail for seven months without a preliminary hearing, which he alleges is a violation of his right to a speedy trial. (*Id.*)

Halter filed this § 1983 complaint on March 18, 2020. He names the City of Harrisonburg and Officer Hanlon, in his official capacity, as defendants, and demands $750,000 in damages from Officer Hanlon and $10 million in damages from the City of Harrisonburg. (*Id.* at 4.) Additionally, he requests "an injunction to have [the] circuit court fix said mishap and explain their legal justification" for continuing to hold Halter in jail. (*Id.*)

Halter subsequently requested permission to amend his complaint by adding five more defendants and alleging a "failure-to-train" claim. (ECF No. 19, at 1–3.) He seeks to add: (1) the Harrisonburg Police Department; (2) Sergeant John Doe, in his official capacity; (3) Harrisonburg Chief of Police John Doe, in his official capacity; (4) the Harrisonburg Committee on Training; and (5) the Harrisonburg Curriculum Review Committee. (*Id.* at 1.)

He alleges that various emergency calls to the police on different occasions have resulted in no police response and asserts that the failure to respond is due to a failure of the named defendants to train officers in "compulsory minimum training standards." (*Id.* at 2–3.) In his motion to amend, he seeks to add an additional request for $1 million in damages from each of the additional defendants. (*Id.* at 3.)

## II.

Motions to dismiss under Rule 12(b)(6) test the legal sufficiency of a complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). A claim is facially plausible when the plaintiff's allegations "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* While a complaint does not need "detailed factual allegations," complaints merely offering "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will fail. *Id.* (alteration in original) (internal quotation marks omitted) (quoting *Twombly*, 550 U.S. at 555, 557).

To allow for the development of a potentially meritorious claim, federal courts are obligated to construe pro se pleadings liberally. *See, e.g., Boag v. MacDougall*, 454 U.S. 364, 365 (1982). Moreover, "[l]iberal construction of the pleadings is particularly appropriate where . . . there is a *pro se* complaint raising civil rights issues." *Smith v. Smith*, 589 F.3d 736, 738 (4th Cir. 2009) (alteration in original) (citation omitted). Nevertheless, "[p]rinciples requiring generous construction of *pro se* complaints are not . . . without limits." *Beaudett v. City*

*of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). "A *pro se* plaintiff still must allege facts that state a cause of action." *Bracey v. Buchanan*, 55 F. Supp. 2d 416, 421 (E.D. Va. 1999) (citation omitted).

A plaintiff may amend his complaint one time as a matter of course before the defendant files a responsive pleading. Fed. R. Civ. P. 15(a). Once the defendant files a responsive pleading, however, the plaintiff may amend his complaint only by leave of the court or by written consent of the defendant, but Rule 15(a) directs that leave to amend "shall be freely given when justice so requires." *Id.* This liberal rule gives effect to the federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities. *See Ostrzenski v. Seigel*, 177 F.3d 245, 252–53 (4th Cir.1999) ("The federal rule policy of deciding cases on the basis of the substantive rights involved rather than on technicalities requires that [the] plaintiff be given every opportunity to cure a formal defect in his pleading." (quoting 5A Charles Allen Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1357 (2d ed.1990))). The Fourth Circuit has interpreted Rule 15(a) to provide that leave to amend a pleading may be denied when, among other reasons, "the amendment would have been futile." *Laber v. Harvey*, 438 F.3d 404, 426 (2006).

### III.

To state a cause of action under § 1983, a plaintiff must allege facts indicating that he has been deprived of a right guaranteed by the Constitution or laws of the United States, and that this deprivation resulted from the conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42 (1988).

A municipality or other local government unit is considered a "person" within the meaning of § 1983 only if the allegedly unconstitutional act "implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell v. Dep't. of Soc. Serv.*, 436 U.S. 658, 690 (1978); *see also Pembaur v. City of Cincinnati*, 475 U.S. 469, 477 (1986) (holding that a city may only be liable if the constitutional tort is caused "through an official policy or custom"); *Pachaly v. City of Lynchburg*, 897 F.2d 723. 725–26 (4th Cir. 1990). This policy may be either a consistent practice or a single, deliberate decision regarding a single instance of conduct. *Pembaur*, 475 U.S. at 480. However, a proper complaint must at least allege that such an official decision was "properly made by that government's authorized decisionmakers." *Id* at 481.

Halter's complaint against the City of Harrisonburg fails to meet the standard required under *Monell*. To properly allege a claim under *Monell*, Halter must allege that some "authorized decisionmaker[]," *id.,* decided upon a course of action which deprived him of a constitutional right. His claims for excessive force, retaliation, and malicious prosecution all fail to allege the influence of an authorized decisionmaker. Indeed, he fails in his initial complaint to reference any decisionmaker other than Officer Hanlon himself. Thus, Halter has failed to state a claim against the City of Harrisonburg, and the court will grant the City's motion to dismiss.

Halter's initial complaint is also deficient as to Officer Hanlon because he has sued Hanlon only in his official capacity. When a municipal official or employee is sued solely in his official capacity, the suit will be treated as an action against the municipality which employees him. *Hafer v. Melo*, 502 U.S. 21, 25 (1991). A § 1983 suit against a state official in his official capacity is considered a suit against the state itself when determining whether that

suit is barred by the Eleventh Amendment. *Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989). In the same manner, a suit against a municipal official in his official capacity is a suit against the municipality, which means the claims against Officer Hanlon are claims against the City of Harrisonburg. For the reasons discussed above, Halter's claim against Officer Hanlon in his official capacity—which is essentially a claim against the City of Harrisonburg—fails under *Monell*. Accordingly, the court will grant Officer Hanlon's motion to dismiss.

Hanlon's initial complaint also includes a prayer for relief directed against the Harrisonburg Circuit Court, requesting an injunction preventing further criminal proceedings against him and requiring the court to explain his continued detention. By requesting this court to enjoin any further prosecution and require the Circuit Court to articulate its reasons for continuing to detain him, he is in fact making a request for a writ of *habeas corpus*. However, even if Halter's *habeas* petition was brought under 28 U.S.C. § 2241, a pre-trial *habeas* petition for violation of the speedy trial right is generally subject to the exhaustion requirement of § 2241. *See, e.g.*, *U.S. v. Tootle*, 65 F.3d 381, 383 (4th Cir. 1995); *Thomas v. Kramer*, No. 7:20-cv-00515, 2020 WL 5751623, at *2–3 (W.D. Va. Sept. 25, 2020). If the detainee has not exhausted his state remedies prior to bringing a petition in this court, his petition will be dismissed. *See* 28 U.S.C. § 2241; *Thomas*, 2020 WL 5751623, at *3. Here, the record indicates that Halter has not sought a state remedy, much less exhausted the remedies available to him in state courts.

Thus, his *habeas* petition would likely be deficient[1] and, for that reason, the court will not construct his complaint as such.[2]

## IV.

In his motion for leave to amend, Halter seeks to add two individuals and three municipal entities as defendants. He does not seek to add them to any of the claims in his initial complaint; instead, he wishes to add them under a new claim for failure to train officers in "compulsory minimum training standards." His motion for leave to amend is futile because it does not allege any constitutional violation and therefore fails to cure his initial complaint.

In his amended complaint, Halter fails to allege any claim against a "person" under § 1983. His claim against the Harrisonburg Police Department and both municipal committees is subject to the requirements of *Monell*; additionally, because he is suing both John Does in their official capacities, his claim against them is a claim against the City of Harrisonburg, and thus subject to the same requirements. His proposed amendment fails to state a claim because it does not allege any official policy or decision made by authorized decisionmakers. But even if it did allege that the supposed failure was the result of a decision by authorized decisionmakers, the alleged failure does not violate a constitutional right. No individual has a

---

[1] The abstention principle set out in *Younger v. Harris*, 401 U.S. 37 (1971), would likely bar consideration of Halter's claims as well. *See Thomas v. Clarke*, No. 2:17cv209, 2017 WL 7167101, at *3 (E.D. Va. Dec. 21, 2017), *report and recommendation adopted by* No. 2:17cv209, 2018 WL 627387 (E. D. Va. Jan. 30, 2018) (explaining that even if the claims of the pretrial detainee were cognizable under § 2241, they would be subject to dismissal because of "two related and overlapping grounds": *Younger* abstention and the petitioner's failure to exhaust). *Younger* requires the federal courts to "abstain from exercising jurisdiction and interfering in a state criminal proceeding if (1) there is an ongoing state judicial proceeding brought prior to substantial progress in the federal proceeding; that (2) implicates important, substantial, or vital state interests; and (3) provides adequate opportunity to raise constitutional challenges." *Nivens v. Gilchrist*, 444 F.3d 237, 241 (4th Cir. 2006) (citation omitted).

[2] Nothing in this opinion should be construes as prohibiting Halter from filing an appropriate *habeas* petition under 28 U.S.C. § 2441 after he has exhausted his state court remedies, if he believes he is entitled to relief.

constitutional right to a law enforcement response to an emergency call, and if police fail to respond to a citizen's call, no constitutional right is violated on that basis alone. *See, e.g., DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 195–196 (1989) ("But nothing in the language of the Due Process Clause itself requires the State to protect the life, liberty, and property of its citizens against invasion by private actors. The Clause is phrased as a limitation on the State's power to act, not a guarantee of certain minimal levels of safety and security. It forbids the State itself to deprive individuals of life, liberty, or property without 'due process of law,' but its language cannot fairly be extended to impose an affirmative obligation on the State to ensure that those interests do not come to harm through other means."). As a result, Halter's proposed amendment would still fail to state a claim, which makes his motion for leave to amend futile. Accordingly, the court will deny Halter's motion for leave to file an amended complaint.

## V.

In conclusion, the court will grant Defendants' motions to dismiss and deny Halter's motion for leave to amend. The court will dismiss this action without prejudice and give Halter 21 days from the entry of this order to file a motion to reopen the case with an amended complaint.

**ENTERED** this 31st day of March, 2021.

> */s/ Thomas T. Cullen*
> HON. THOMAS T. CULLEN
> UNITED STATES DISTRICT JUDGE